The Detroit Base Ball Club v. John Deppert, Jr.

*Injunction—To restrain use of land-owner's premises—Remedy at law.*

1. Equity will not enjoin the *use* by a land-owner of a stand erected on his premises, from which persons are allowed to witness games of base-ball played on adjoining grounds, leased by a corporation organized under the general laws of the State for the purpose of encouraging such sport, it not appearing that the complainant enjoys any *exclusive* franchise from the Legislature, or under any provisions of the city charter or by-laws, or under any resolution or other action of the city council, in the use of its grounds; or that it has any right to control the use, in any manner, of defendant's property; or that persons viewing the games from defendant's stand would have otherwise paid the admittance fee charged by the complainant, and entered its grounds; or that defendant in any way prevented them from so

doing. If in such a case complainant has been pecuniarily injured, its remedy at law is entirely adequate.

2. The extent to which a man may enjoy his property, up or down, cannot be limited by the courts, and if he goes higher than his neighbors, without interfering with the rights of others, or injuring his neighbors, he subjects himself to no liability.

Appeal from Superior Court of Detroit. (Chipman, J.) Argued April 13, 1886. Decided April 22, 1886.

Injunction bill. Complainant appeals. Affirmed. The facts are stated in the opinion.

*John A. Bell*, for complainant:

Cited in support of relief sought by complainant's bill the following authorities: Wood on Nuisances, §§ 135, 144; *Ball v. Ray*, L. R. 8 Ch. App. 467 ; *Shotts Iron Co. v. Inglis*, L. R. 7 App. Cases, 543; *Fritz v. Hobson*, 14 Ch. Div'n, 542 ; *Braham v. Beachim*, 7 Ch. Div'n, 856 ; *Turner v. Stewart*, 78 Mo. 480 ; *Day v. Brownrigg*, 10 Ch. Div'n, 299 ; *Ballard v. Tomlinson*, 29 Ch. Div'n, 115 ; *Edwards v. Allouez Mining Co.*, 38 Mich. 51.

*Geo. X. M. Collier*, for defendant.

SHERWOOD, J. The complainant is a corporation, organized under the laws of this State for the purpose of engaging in rowing, fishing, hunting, and other lawful sporting purposes, and to promote and encourage playing the game of base-ball.

The defendant lives in the city of Detroit, residing in a house upon a lot which he owns, and upon which he also has a barn. On Brady street, in the city, the complainant occupies under a lease a parcel of land adjoining that of the defendant, and which is inclosed by a high board fence. This place is called " Recreation Park," and is used by the plaintiff as its play-ground, in which its games are played and sports conducted.

The company is a member of the National Base Ball League, which consists of eight clubs, each of which plays a game against each of the others. At the games in the park

a large number of persons are usually present, and an admittance fee of 50 cents is charged by the company to those who are not members of the club, and good accommodations have been provided, at large expense to the club, for the use of spectators.

The bill of complaint states that the club had several games to play, under engagements made with other companies, at the park during the year 1885, when this suit was commenced ; that the base-ball season begins in May, and continues until October, in each year, and that during the season 56 games are played.

Complainant further avers that the expenses of the club are over $3,000 per month, and that the company relies largely upon the admittance fees to defray such expenses ; that the games of the club, and all of its entertainments, are conducted with propriety, and nothing illegal or offensive to the spectators is permitted, and their games and sports have the confidence and support and patronage of the public ; that the club has used every reasonable means to protect itself in the rightful use and enjoyment of the property used by it ; that for this purpose the fence inclosure has been made nine feet high, and at some points, where persons outside have annoyed the company, and damaged it by attempts, partially successful, to witness the games without paying the entrance fee, the fence and protecting screens have been made much higher.

The bill then alleges:

"*Eleventh.* That the defendant has constructed upon land occupied by him on the south side of Leland street, in close proximity to the grounds leased and occupied by your orator, a stand for the accommodation of persons who desire to see the games played on the grounds of your orator.

*Twelfth.* That said stand is erected upon the roof of a barn or other building, has steps leading up to it, so that spectators can readily have access thereto, and is of such a height as to overlook the grounds of your orator, and gives the persons thereon an opportunity to witness the games played upon said grounds ; that said stand was erected by said John Deppert, Jr., for the purpose of enabling persons whom he might admit thereto to witness the games of base ball played on

said Recreation Park by your orator, and for no other purpose.

*Thirteenth.* That said stand has been heretofore occupied by a considerable number of persons, at sundry and divers games played upon the grounds of your orator, during the season which began on the first day of May, 1885, the number of persons so occupying the stand reaching from twenty-five to one hundred at each game.

*Fourteenth.* That an admission fee is generally charged to such stand by the said defendant, but the fee so charged is much less than that charged by your orator, so that your orator is deprived of profits which would otherwise inure to it in the legitimate use of its property.

*Fifteenth.* That, although requested so to do by your orator, said John Deppert, Jr., refuses to refrain from using said stand for the purpose of enabling spectators to witness therefrom the games played upon the grounds of your orator; that he keeps said stand upon his premises, ready for use whenever a game is played by your orator, and threatens so to use said stand whenever a game is played hereafter by your orator; and that your orator is informed and believes, and charges the fact to be, that said defendant is financially wholly irresponsible; that the nuisance to your orator so maintained by him is a constantly recurring one, and your orator has no adequate remedy at law."

The bill prays that the defendant may be perpetually enjoined from making the use of his buildings and premises in the manner alleged by complainant to be injurious to its interest, and for general relief.

The answer admits substantially the averments contained in the bill, as above stated, except as contained in the foregoing paragraphs numbered 11, 12, 13, 14, and 15, and further says that the erection of the high board fence has seriously damaged his premises, and that the ball plays have seriously injured the quiet use of his premises, and that both are an intolerable nuisance; that the members of the company, when playing, frequently, in pursuit of the ball, trespass upon defendant's premises, and that often he has been obliged to call to his aid the police to quell fights and brawls of the roughs who assemble there to witness the games, and he is greatly disturbed in the peaceable possession of his property thereby; that paragraphs 11, 12, 13, and 14 are admitted,

except so far as they allege his stand was erected for any unlawful purpose, or to the injury of complainant, and as to these averments they are denied.

He further states in his answer that he erected his barn, and the stand on the roof, and that at times his friends congregated there, and that he sells refreshments there ; that the premises belong to him ; that the erections thereon have been examined by the board of building inspectors of the city, and pronounced safe and secure; that he uses his premises at times for the purposes of amusement, and as a means of revenue for the sale of refreshment, and that he has the legal right so to do, so long as he obeys the law; that he erected the stand only when the high board fence was erected so as to disturb him in his rights to enjoy his property and the pure air and unobstructed views in the outlook, equally with his neighbors; and he admits that he does refuse to accede to the request of the complainant to refrain from the use of his premises to gratify the pleasure of his neighbors and friends in the manner above stated.

He further denies that he is irresponsible or insolvent, and expressly avers that he is worth over $3,000, over and above all exemptions in real and personal property. He also denies that his property, or the use he makes of it, is a nuisance, and insists that if defendant has any grievance, as alleged in the bill, its remedy is perfect at law. The answer was sworn to by the defendant.

The cause was heard on pleadings before Judge Chipman in the superior court of Detroit, who dismissed complainant's bill, with costs.

We think the case was correctly decided, and the decree entered is right.

It does not appear that the complainant enjoyed any exclusive franchises emanating from the Legislature, or under any provision of the charter or by-laws of the city, or under any resolution or other action of the city council, in the use it made of the park, or that it had any right to control the use, in any manner, of the adjoining property. Neither does it show that any persons visiting the refreshment stand of the

plaintiff would have otherwise paid the admittance fee and entered the complainant's park, or that the defendant in any manner prevented them from so doing if they wished. It is difficult to see how the complainant has been pecuniarily injured, and this is the grievance of the complaint; but if it has, the remedy at law is entirely adequate. Courts cannot limit the extent, up or down, to which a man may enjoy his property; and if he goes higher than his neighbor, so long as he does not interfere with the rights of others, or injure his neighbor, he subjects himself to no liability.

The decree must be affirmed, with costs.

MORSE and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J. (*dissenting*). I think that the case before us is one where the equitable remedy is the only adequate one, and that complainant should not be turned over to a multiplicity of suits at law. The action of the defendant amounts to a private nuisance, of a provoking as well as serious nature. Giving to every land-owner the largest liberty in the reasonable use of his own premises, there is no principle which will justify him in resorting to measures which are calculated and designed to annoy his neighbors, as well as to reap a profit from their property.

The law has never defined nuisances in such a way as to be exhaustive, for the plain reason that perverse ingenuity can readily devise new means of harm. The general maxim is that every one should so use his own as not to injure his neighbor, and acts that are calculated and intended to provoke or inconvenience others are open to remedy if appreciably serious. There are abundant cases where the grievance is real and severe, for which a judgment in damages would be no redress. There are some cases where a habit of impertinent inquisitiveness and meddling has laid the offender open to criminal punishment as a common nuisance.

All of the rules of law made to redress offensive invasions of private property and rights, short of trespass, go upon the theory that conduct tending to great provocation, unless

checked by civil remedies, may lead to disturbance. The present case does not differ in principle from any other where exhibitions are profitable and the profits are secured to the owners. This nuisance is one which is chiefly obnoxious from its repetition and continuance, and I think should be restrained by injunction.